UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOHAMMED A. HASAN,<br><br>      Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION GREENFIELD MILWAUKEE and PARK BLUFF APARTMENTS,<br><br>      Defendants. | Case No. 24-CV-68-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

On January 17, 2024, Defendant Social Security Administration Greenfield Milwaukee (the "SSA") removed this action to federal court on the basis of 28 U.S.C. § 1442(a)(1).[1] ECF No. 1. The SSA now moves to dismiss the action against it on the ground of derivative jurisdiction. ECF Nos. 6, 7. For the reasons discussed herein, the Court will grant the motion.[2]

**2. BACKGROUND**

In October 2023, Plaintiff Mohammed A. Hasan ("Plaintiff") sued SSA and Defendant Park Bluff Apartments in Milwaukee County Small

---

[1]Section 1442(a)(1) provides that "[a] civil action . . . that is commenced in a State court and that is against or directed to" "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof" "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."

[2]This Order does not address or have any effect on Plaintiff's claim that he was racially discriminated against by Defendant Park Bluff Apartments. ECF No. 9 at 4; ECF No 1-1 at 9.

Claims Court. ECF No. 1-1.[3] As relevant to the SSA, Plaintiff alleges that the SSA inappropriately terminated and withheld his "monthly salary" for a period on the ground that he was not a citizen of the United States. *Id*. at 7–11; *see* ECF No. 9-1 at 42 (noting that "[o]n April 5, 2022, the . . . SSA . . . issued a notice stating that [Plaintiff] was ineligible for SSI benefits beginning May 1, 2022"). Although he concedes that his benefits were ultimately reinstated and the withheld benefits returned, ECF No. 1-1 at 10 ("The salary that was deducted has been returned to me."); ECF No. 9-1 at 39 (notice of fully favorable decision), he nevertheless seeks to recover against the SSA for, inter alia, pain and suffering and financial hardship experienced in the period during which his benefits were withheld, *id.* at 11.

3.   **ANALYSIS**

The SSA moves to dismiss the complaint against it based on the doctrine of derivative jurisdiction. ECF No. 7 at 3. According to the SSA, "Milwaukee County Small Claims Court lacked subject matter jurisdiction over [Plaintiff's] lawsuit, and this Court did not acquire jurisdiction upon removal" under the doctrine of derivative jurisdiction. *Id.*

The doctrine of derivative jurisdiction provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020) quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981)). The doctrine has been abrogated with respect to the general

---

[3]*See Mohammed A. Hasan v. Park Bluff Apartments et al.*, Case No. 23SC27821 (Milwaukee Cnty. Small Claims Court), https://wcca.wicourts.gov/caseDetail.html?caseNo=2023SC027821&countyNo=40 (last visited Apr. 16, 2024).

removal statute, 28 U.S.C. § 1441(f), but it has not been abrogated "with respect to the federal officer removal statute . . . , 28 U.S.C. § 1442." *Id.* at 772 (citing *Rodas v. Seidlin*, 656 F.3d 610, 616 (7th Cir. 2011) and *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014)). "When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice."[4] *Id.* at 773; *id.* at 774 (doctrine of derivative jurisdiction must be asserted, if at all, within 30 days from removal, or else is forfeited).

The Southern District of Illinois's decision in *Whitworth v. Commissioner of Social Security* is illustrative. No. 21-cv-893-SMY, 2022 U.S. Dist. LEXIS 100030 (S.D. Ill. June 3, 2022). There, as here, the case went before the district court on removal under 28 U.S.C. § 1442(a)(1) after the pro se plaintiff sued the SSA in state court for allegedly withholding benefits from her. *Id.* at *1. The SSA moved to dismiss on the ground of derivative jurisdiction. *Id.* The district court granted the motion; the state circuit court "had no jurisdiction to review matters related to social security benefits—judicial review under the Social Security Act is within the exclusive jurisdiction of U.S. District Courts." *Id.* at *2 (citing 42 U.S.C. § 405(g)).

The same is true here. Milwaukee County Circuit Court lacks jurisdiction to review matters relating to social security benefits. It therefore lacked jurisdiction over the action, at least to the extent that it sought review

---

[4]"In recognition of the oddity of this outcome, the Court of Appeals for the Seventh Circuit has . . . recognized a limited exception to this rule where the motion to dismiss is made after removal, but only in the context of a case [in which] the dispute has proceeded to a disposition on the merits." *Pelto v. Off. of the Reg'l Chief Counsel*, No. 11-cv-815-wmc, 2013 U.S. Dist. LEXIS 133833, at *7 (W.D. Wis. Sep. 18, 2013) (citing *Rodas*, 656 F.3d at 619–25). The *Rodas* exception does not apply in this case because "no substantive matters have as yet been addressed, much less resolved on the merits." *Id*.

of a social security benefits determination, or issues related thereto. And under the doctrine of derivative jurisdiction, this Court did not acquire jurisdiction over that determination through removal. *Id.; see also Antonio M. v. SSA Comm'r*, 2:22-cv-00035-JDL, 2022 U.S. Dist. LEXIS 111063, at *4 (D. Me. June 23, 2022) (same).

In opposition to the motion, Plaintiff appears to make only one argument pertaining to the SSA's invocation of the doctrine of derivative jurisdiction. Plaintiff asserts that his complaint is "not against the US Government and not against the USA Social Security Administration," but rather is specifically brought against the SSA office in Greenfield. ECF No. 9 at 2. That distinction is of no consequence. Irrespective of if Plaintiff characterizes his claim as being brought specifically against the Greenfield office of the SSA, his claim relates to a benefits determination and is therefore properly brought against the SSA and, specifically, its Commissioner. *See Whitworth,* 2022 U.S. Dist. LEXIS 100030, at *1 (suit against the Commissioner of Social Security notwithstanding plaintiff's reference specifically to "the Social Security administration office located in Belleville, Illinois").

Plaintiff also points out that papers he received from the Social Security Administration Office of Hearings Operations informed him that he would "not have the right to federal court review." ECF No. 9 at 3; ECF No. 9-1 at 40 ("If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final . . . . You will not have the right to Federal court review."). For that reason, apparently, he brought the case in state court. But that guidance—that he would "not have the right to federal court review"— did not mean that Plaintiff was entitled to state court review as an alternative to federal court review. It,

instead, meant that if he forewent his opportunity to appeal the matter to the Appeals Council, he would not be considered to have exhausted his administrative remedies and would not therefore be entitled to judicial review of the benefits determination. *Brest v. Lewis*, No. 08-C-4875, 2009 U.S. Dist. 113826, at *6 (N.D. Ill. Dec. 7, 2009) ("For a district court to review SSA findings, a litigant must first exhaust available administrative remedies . . . . Exhaustion requires the litigant not only to obtain a hearing and decision from an ALJ, but also to appeal the ALJ's decision to the SSA Appeals Council.") (internal citations omitted) (citing 42 U.S.C. § 405(g) and 20 C.F.R. § 404.981).

Having addressed Plaintiff's arguments in response to the SSA's motion to dismiss and having concluded that they do not affect the analysis, the Court is constrained to dismiss Plaintiff's claims against the SSA without prejudice for lack of jurisdiction. *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) ("[A] dismissal for want of subject-matter jurisdiction is necessarily without prejudice . . . .") (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997)). As noted, however, this dismissal does not affect Plaintiff's claim against Defendant Park Bluff Apartments. *See supra* note 2.

**4.     CONCLUSION**

Under the doctrine of derivative jurisdiction, the Court is constrained to dismiss without prejudice Plaintiff's claims against the SSA related to his initially adverse benefits determination. The "without prejudice" designation means that Plaintiff is not precluded by this Order from re-filing his action against the SSA in federal court. However, the Court notes that even if Plaintiff were to do so, it is not at all clear that he could recover the damages he seeks, as a matter of law. *See Gerardi v. Travelers Ins. Co.*, 961 F. Supp. 28, 30 (D. Conn. 1996) ("[E]ven where a

Page 5 of 6
Case 2:24-cv-00068-JPS   Filed 04/16/24   Page 5 of 6   Document 15

plaintiff claimed he suffered consequential damages from an allegedly wrongful denial of Social Security benefits by program administrators, he was not entitled to relief.") (citing *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988)); *Blanche v. Colvin*, No. 13-2657, 2014 U.S. Dist. LEXIS 119942, at *13 (W.D. La. July 25, 2014) ("Finally, in addition to an award of benefits, plaintiff seeks [financial] compensation for her pain and suffering stemming from the wrongful denial of benefits. Congress, however, made no provision for consequential damages arising from unconstitutional deprivations of the statutory rights enshrined in the Social Security Act.") (citing *Schweiker*, 487 U.S. at 426).

Accordingly,

**IT IS ORDERED** that Defendant Social Security Administration Greenfield Milwaukee's motion to dismiss, ECF No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for improper termination/withholding of benefits against Defendant Social Security Administration Greenfield Milwaukee, ECF No. 1, be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Defendant Social Security Administration Greenfield Milwaukee be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge